IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

APR 10 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA

v.

No. 1:19-cr-57 (LO)

PETER LE,

Defendant.

## ORDER

Upon the joint motion of the United States and the defendant, Peter Le, by and through counsel, it is hereby

### I. Discovery and Inspection

ORDERED, pursuant to Fed. R. Crim. P. 16(a), no later than seven calendar days before trial, unless for good cause shown, that:

1. The government shall disclose to the defendant and make available for inspection, copying, or photographing the following: (a) any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; (b) that portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent; (c) recorded testimony of the defendant before a grand jury which relates to the offense charged; and (d) the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. The government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are within the possession, custody, or control of the government and which are material to the preparation of his defense, are intended for use by the government as evidence in its case-in-chief at trial, or were obtained from, or belong to, the defendant.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government and which are material to the preparation of the defense or are intended for use by the government as evidence in its case-in-chief at trial.

It is further ORDERED that

5. The government shall disclose to the defendant, no later than ten business days before trial, a written summary of testimony the government intends to use at trial under Fed. R. Evid. 702, 703, or 705, unless the expert testimony is to be offered in response to a previously-noticed expert of a defendant, in which case the disclosure pursuant to this paragraph must be provided not later than five business days prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In an

appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

It is further ORDERED, pursuant to Fed, R. Crim. P. 16(b), upon government compliance with the foregoing, that:

6. The defendant shall permit the government to inspect and copy or photograph books, papers, documents, data, photographs, or tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7. The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

8. The defendant shall disclose to the government, no later than ten business days before trial, a written summary of testimony the defendant intends to use as evidence at trial under Fed. R. Evid. 702, 703, and 705, unless the expert testimony is to be offered in response to a previously-noticed expert of the government, in which case the disclosure pursuant to this paragraph must be provided no later than five business days prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notices and summaries.

## II. Federal Rule of Evidence 404(b)

It is further ORDERED, no later than seven calendar days before trial, that the government shall provide notice to the defendant, in accordance with Fed. R. Evid. 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of defendant which the government intends to introduce at trial, except that, upon motion of the government and for good cause shown, the Court may excuse such pretrial notice.

## III. *Brady* Material

It is further ORDERED that the government shall comply with its obligations to produce promptly any exculpatory material as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. 97 (1976).

## IV. *Jencks/Giglio* Materials

It is further ORDERED, no later than five calendar days before trial, that the government shall produce to the defendant the *Jencks* Act and *Giglio* materials for the witnesses who will testify in the government's case in chief.

Counsel for the defendant may disclose the contents of said *Jencks* Act and *Giglio* materials to counsel's client, but may not provide counsel's client with said documents or reproductions thereof.

At the request of the government and consistent with the ethical responsibilities of defense counsel, all *Jencks* Act, *Giglio* materials, and any reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

It is further ORDERED, pursuant to Fed. R. Crim. P. 26.2, no later than five calendar days prior to trial, that the defendant, by and through his counsel, shall produce to the

government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

### V. Notice of Alibi

It is further ORDERED, pursuant to Fed. R. Crim. P. 12.1, no later than 20 calendar days before trial, that the defendant, by and through counsel, shall comply with Rule 12.1(a) if the defendant intends to offer a defense of alibi and, further, that the defendant and the government shall comply with Rules 12.1(b) and (c) within the time frames set out in those rules, except upon motion of the parties and for good cause shown.

### VI. Stipulations

It is further ORDERED that the parties shall file proposed stipulations with the Court no later than three business days before trial. Additional stipulations may be submitted thereafter upon approval by the Court.

Entered in Alexandria, Virginia, this 10TH day of April, 2019

/s/
Liam O'Grady
United States District Judge

We ask for this:

G. Zachary Terwilliger
United States Attorney

Mary M. Nerino
Counsel for Peter Le

By: James L. Trump
Assistant United States Attorney