IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER LE *et al.*,<br><br>Defendants. | No. 1:19-cr-57 (LO) |

**MEMORANDUM OF THE UNITED STATES
REGARDING STATUS CONFERENCE**

The defendants, Peter Le, Tony Le, Joseph Lamborn, Sascha Carlisle, Young Yoo, and Sang Thanh Huynh, are scheduled for trial on February 7, 2022.  On December 22, 2021, the United States asked the Court to convene a status conference to discuss the status of its ongoing discovery efforts, particularly in light of the upcoming trial date and the government's notice filed December 14, 2021 (Dkt. 685) regarding a specific discovery issue.  The Court scheduled the status conference for January 5, 2022 (Dkt. 686).

In the ensuing two weeks, the issues facing the parties and the Court have changed dramatically as a result of the sudden surge in COVID cases throughout the country and in this region.  Preparing for trial over the next four weeks in this environment will be challenging if not impossible.  Even more daunting is the prospect of successfully completing a six-defendant trial involving those defendants, nine defense counsel, three prosecutors and a case agent, at least 16 (perhaps more) jurors, court staff, the USMS, four local jails, over a dozen incarcerated witnesses, and an additional 80 or more witnesses, including a significant number traveling long distances and staying in local hotels.  The government has worked diligently to avoid another continuance.  A worse outcome, however, would be beginning the trial, only to have it end in a

mistrial because of COVID outbreaks, especially after disclosing to the defense the identities of its witnesses and the substance of their testimony.

I.     **DISCOVERY**

The United States has already produced a voluminous amount of discovery, including over 67,000 documents and approximately 368 gigabytes of electronic discovery. This discovery includes, but is not limited to, approximately 77 images of electronic devices and approximately 101 social media returns. In addition, the United States has produced countless hours of jail calls, video footage of gang activity, statements to law enforcement, and relevant video footage from the evening when defendants Peter Le, Young Yoo, Joseph Lamborn, and Sascha Carlisle are alleged to have kidnapped Brandon White.

The documentary evidence includes, but is not limited to, law enforcement reports (*e.g.*, by local police and fire marshals) relating to the charges and overt acts alleged in the indictment; law enforcement reports memorializing the seizure of evidence (*e.g.*, drugs, firearms, cellular telephones); expert reports relating to seized evidence (*e.g.*, drug analyses); criminal complaints and search warrant applications, including affidavits; the results of search warrants for dozens of cellular telephones and social media accounts (which will be the source for numerous trial exhibits). The government has also made physical evidence available for inspection by counsel.

The Court has repeatedly advised counsel to confer with government counsel regarding any discovery issues. We have responded to a number of requests from defense counsel for additional information or the location of discovery documents. No discovery-related motions have been filed, and, as far as we know, there are not outstanding discovery issues to be addressed by the Court. The government plans to produce its Jencks material 30 days prior to

trial, which will include FBI reports of interviews with potential witnesses, grand jury testimony by potential witnesses, and other witness-specific materials.

In its notice, filed December 14, 2021 (Dkt. 685), the government alerted the Court and defense counsel to a potential issue with its production of Fairfax County Police Department reports.  In reviewing these reports for potential trial exhibits, we discovered that, in a few instances, the reports in our possession may have been subsequently updated, and we need to obtain the updated version of the report.  In addition, some of the reports reference other potentially discoverable information or material (*e.g.*, evidence seized) that we have yet to review (if, in fact, it remains in police custody).  We have identified about 900 FCPD reports and related documents (*e.g.*, copies of complaints and arrest warrants), which we are in the process of reviewing for potential discoverable information.  The review of the reports will be completed fairly quickly.  We cannot say, however, how long it will take the FCPD to check its records and determine whether it has in its possession any additional documents or evidence.

## II.     TRIAL DATE

It may seem tempting to put off a decision on whether to continue the trial to see what happens on the COVID-front over the next several weeks (although most medical experts appear to agree that the current surge and its disruptions will last at least 6 to 8 weeks).  That decision, however, would put the government in an untenable situation with its witnesses.  The simple fact remains that at the heart of the government's case is the allegation an individual was killed because he testified against a fellow gang member at a preliminary hearing.  As a result, every witness with any connection to the charged offenses – including victims of the gang's violence and cooperating defendants – has expressed a concern for his or her safety.  And their concerns are understandable and legitimate.

The government's obligation to provide the defense with the names of its witnesses prior to trial only heightens the witnesses' fears. We have already alerted the Court to instances in which under seal and protected discovery materials were possessed by defendants in jail. We know that incarcerated defendants have managed to post information on their social media accounts, including, in one instance, the identity of a potential witness. We know, based on correspondence seized by jail officials, that the defendants have collaborated to communicate with each other in jail and with others outside of jail. The defendants have also been involved in a number of violent incidents in jail.

In this environment and given the potential for witness intimidation and violent retaliation, production of the most sensitive discovery information at this time, without knowing whether trial can commence as scheduled on February 7, 2022, would substantially hamper the government's ability to prepare for trial, whenever that might occur, and would be a disservice to those individuals who, despite their fears, will testify voluntarily.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
James L. Trump
Carina A. Cuellar
Ryan Bredemeier
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3726
Email: jim.trump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2022, I caused the foregoing pleading to be sent to counsel of record through the Court's ECF system.

                                                  /s/
                                      James L. Trump
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      2100 Jamieson Avenue
                                      Alexandria, VA 22314
                                      703-299-3726
                                      jim.trump@usdoj.gov