IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,  )
)
)
)
v. )
) Case No. 1:19-cr-00057
PETER LE, et. al., ) Hon. Liam O'Grady
)
Defendants\. )
)
)
)
)

## MEMORANDUM OPINION

The matter before the Court concerns the admissibility of statements of a deceased witness. The Government has provided notice that they intend to introduce the witnesses' prior statements at trial. Dkt. 766. Among the statements the Government seeks to introduce are statements from previous FBI interviews and testimony recorded in a preliminary proceeding in Virginia state court. The witness, Brandon White, had previously agreed to testify against members of a Northern Virginia street gang known as the Reccless Tigers. Currently, members of the gang are charged with a wide-ranging conspiracy. Among the overt acts allegedly carried out by the conspiracy, is the murder and kidnapping of Brandon White in retaliation for testifying against the gang.

The Defendants have argued that Mr. White's statements are inadmissible hearsay under Federal Rule of Evidence 802. For the following reasons, the Court finds that common-law

1

forfeiture-by-wrongdoing exception applies to Mr. White's out-of-court statements and therefore that the statements are admissible. *See Giles v. California*, 554 U.S. 353, 359 (2008) (the exception applies to "the introduction of statements of a witness who was detained or kept away by the means of procurement of the defendant.") (internal quotations and citations omitted). The Fourth Circuit has held that the exception should be applied broadly to facilitate the function of the criminal justice system. *United States v. Jackson*, 706 F.3d 264, (4th Cir. 2013) ("Eroding the forfeiture-by-wrongdoing exception risks not only giving defendants an intolerable incentive to bribe, intimidate, or even kill witnesses against them. It also provides a disincentive for witnesses themselves to come forward and testify.") (internal quotations and citations omitted).

The Government has presented sufficient evidence to support a finding that the intent of the Defendants' conspiracy was to use violence to intimidate witnesses and prevent their testimony against the conspiracy. The murder of Brandon White reflects the means and methods used to carry out this part of the conspiracy. The Court declines to preclude the application of the forfeiture-by-wrongdoing exception on the basis that the act was intended to prevent Mr. White's testimony *only* in a separate state court proceeding. The Court finds that the exception should apply to all the defendants[1] because the alleged act was performed with the required intent, specifically the intent to prevent *all* testimony by Mr. White against the gang. *See United States v. Elsheikh*, 2022 U.S. Dist. LEXIS 68015 at *33 (E.D. Va. April 12, 2022) ("In this regard, the evidence admitted at trial gives rise to a reasonable and compelling inference that the unavailable

---

[1] Although Mr. Tony Le is not charged with the murder of Mr. White, the statements are admissible against Tony Le because he is allegedly a member of the same conspiracy that is charged with the murder. *See United States v. Adoma*, 781 Fed. Appx. 199, 204 (4th Cir. 2019); *United States v. Dinkins*, 691 F.3d. 358, 384 (4th Cir. 2012) (forfeiture-by-wrongdoing can apply to statements against a defendant when members of the defendant's criminal gang had murdered the witness whose statements were to be introduced)

American and British victims were murdered, or otherwise wrongfully detained, at least in part to prevent their participation in future criminal proceedings against the conspirators") (citing *Jackson*, 706 F.3d at 269). In keeping with a long line of prior jurisprudence that "a defendant should not be permitted to benefit from his own wrong" it is proper to apply the forfeiture-by-wrongdoing exception to Brandon White's out of court statements. *Giles*, 554 U.S. at 365. Accordingly, the Government may admit all of Brandon White's statements during trial.

April 22, 2022  
Alexandria, Virginia

Liam O'Grady  
United States District Judge