IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:19-cr-00057 |
| ) | Hon. Liam O'Grady |
| PETER LE, et. al., ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

**Introduction**

The Defendants in the present case are the subject of a multiple-count indictment which alleges that the Defendants participated in a drug conspiracy and a conspiracy to commit murder. The Defendants are all associated with the Reccless Tigers street gang. Currently the Defendants are in the middle of trial. There are several evidentiary matters that have been brought to the Court's attention on the Government's Motion *in limine* (Dkt. 827), the Defendants' renewed Motion for a continuance (Dkt. 782), and a Defendants' objection during trial. The Government and the Defendants have addressed these issues before the Court.

**The Government's Motion *in limine***

After the first day of trial, the Defendant Tony Le was returned to the jail where he is currently incarcerated. That evening, Tony Le made a phone call with the detention center phones to a female associate. As is typical for detention center phones, the call was recorded. On

1

the call, Tony Le is heard discussing the names of several witnesses who were expected to give testimony at the upcoming trial. The Defendants were aware of these names as they had been disclosed by the Government during jury selection. Later that evening, a Government witness contacted the FBI to notify law enforcement of a social media post on the website Instagram. The post identified the witnesses by name, labeled them as "snitches," and provided the address of the Alexandria courthouse where the trial is currently being held. After seeing the post, two of the Government witnesses modified their identification testimony over concerns for their safety.

The Government has tracked the social media account that made the post and linked it to an account associated with that phone number. That phone number was the same number that Tony Le called from the detention center phone. The Government now seeks to introduce the recorded phone call and the Instagram post as evidence at trial.

Evidence of witness intimidation demonstrates a consciousness of guilt and criminal intent and is admissible at trial. *United States v. Hayden*, 85 F.3d 153, 159 (4th Cir. 1996). This type of evidence will be admissible at trial if it is 1) reliable and is 2) related to the offense charged. *Id.* (*ref, United States v. Billups*, 692 F.2d 320, 330 (4th Cir. 1982), *cert. denied,* 464 U.S. 820 (1983)). Even the attempt to threaten a witness can be admissible as consciousness of guilt. *United States v. Van Metre*, 150 F.3d 339, 352 (4th Cir. 1998). Further, evidence of witness intimidation can also be used to prove the existence of a conspiracy if the statements are in furtherance of and intrinsic to the conspiracy itself. *United States v. Stokes*, 64 Fed. Appx. 352, 357 (4th Cir. 2003) (letters and conversations by incarcerated defendants that informed coconspirators to avoid selling drugs during the pendency of a trial were properly admitted as evidence of active concealment of the charged conspiracy) (*ref, Grunewald v. United States*, 353 U.S. 391, 405 (1957)). For an act which is intended to conceal a conspiracy to be considered an

act in furtherance of the conspiracy, that act (such as making a statement) must be intrinsic to the conspiracy which is alleged by the Government. *United States v. Kang*, 715 F. Supp. 2d 657, 671 (D.S.C. 2010) (citing *Grunewald*, 353 U.S. at 404)).

The Court finds that the evidence of the phone call and the Instagram post is reliable and related to the conspiracy charged in the indictment. The evidence is reliable because it is a voice recording and has been tied to the Defendants through verified phone numbers. At trial, the Government has elicited a substantial amount of evidence that indicates the Reccless Tigers gang engaged in a pattern of violence and witness intimidation to prevent testimony against the gang and gang members at criminal proceedings. Testimony about the gang culture, through cooperating witnesses, has clearly indicated that the Reccless Tigers gang will use violence against witnesses who offer to testify against gang members. It is reasonable to conclude that the publication of witness names was intended to intimidate and silence the Government witnesses who would testify against the alleged conspirators out of safety fears. The publication of adverse witness names bears a substantial similarity to the violent pattern of conduct that has been attributed to the gang through testimony and as alleged in the indictment. Therefore, the Instagram post and phone conversation reflect a pattern of behavior that is intrinsic to the alleged conspiracy and this evidence is also indicative of a consciousness of guilt. Accordingly, the evidence of the phone conversation and the Instagram post are not hearsay as defined by Federal Rule of Evidence 801(d)(2)(E) and are not improper evidence of other bad acts under Federal Rule of Evidence of 404(b). The evidence is admissible at trial and may be offered against all the Defendants.

**The Renewed Motion for a Continuance**

The Defendants moved for a continuance on April 8, 2022. Dkt. 782. The Court denied that Motion. Dkt. 784. The Defendant Peter Le has renewed the Motion on every trial day thereafter. On April 28, 2022 the Defendant renewed his motion and argued that the Motion should be granted because the Defendant did not have time to retain an expert rebuttal witness for the forensic anthropologist who will testify for the Government regarding the remains of the murder victim, Brandon White. The Defendant argued that the expert report was not timely disclosed and therefore the Defendant was unaware a rebuttal expert would be necessary.

The Court does not find this argument persuasive. Discovery in this case has been ongoing and the Government has exceeded its requirements in attempting to facilitate the complicated process of discovery disclosure. The Government initially produced the forensic anthropologist's report on January 4, 2022. The disclosure of expert reports was made on February 16, 2022, in line with the discovery deadlines given by the Court. The Defendants had approximately a two-month notice that a forensic anthropologist would testify at trial. Even if the Defendant was not able to easily find the specific report within the large amount of discovery in this case, they could have retained an expert in the expectation that a forensic anthropologist would testify at trial. The Defendant chose not to retain an expert in advance even though the notice had been provided. The Defendant's arguments do not establish that there has been any unfair prejudice to the Defendants by the timing of the Government's disclosure of the expert report. For this reason, the Renewed Motion to Continue is **DENIED**.

**The Objection to the Photographs of the Remains of Brandon White**

The Defendants have objected to the admissibility of the photographs of the murder victim, Brandon White, on the basis that the photographs are unduly prejudicial under Federal Rule of Evidence of 403. The photographs in question depict the skeletal remains of Mr. White as well as damage to specific areas of Mr. White's skeleton. While the Court is mindful of the requirements of Rule 403, this Court has also allowed the admission of far more gruesome and potentially shocking photographs when those photographs are probative of the underlying facts alleged by the Government. In the current case, these photographs are highly relevant to testimony of both the Government's forensic anthropologist and the medical examiner. Further, an element of the charge the Government must prove is the death of Brandon White. The photographs are highly probative of this element. The number of photographs that the Government has sought to introduce is limited and the individual photographs are not cumulative. For these reasons, the photographs are not excluded under Federal Rule of Evidence 403. The objection is overruled and the photographs are admissible at trial.

It is so **ORDERED**.

April 29, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge