IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> PETER LE, et. al., ) <br> ) <br> *Defendant*. ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:19-cr-00057 <br> Hon. Liam O'Grady |

## MEMORANDUM OPINION

The Defendant, Peter Le, has filed a memorandum arguing his position on sentencing. Dkt. 916. In the memorandum, Peter Le argues that a mandatory life sentence for a particularly young individual is a violation of his Constitutional Eighth Amendment rights. For the reasons discussed below, the Court does not find that a mandatory life sentence in the present case is in violation of the Eighth Amendment.

On May 6, 2022, a jury found Peter Le guilty of thirteen counts of a criminal indictment. Among these counts, 3, 5, and 7 carried a statutory mandatory minimum sentence of life imprisonment. These counts are: Count 3, Murder in Aid of Racketeering Activity in violation of 18 USC §§1959(a)(1) and (2); Count 5, Kidnapping Resulting in Death in violation of 18 USC §§1202(a)(1) and (3); and Count 7, Killing While Engaged in Drug Trafficking in violation of 18 USC §848(e)(1)(A) and 18 USC §2. Peter Le's criminal convictions resulted from the time he spent as a leader in the Reccless Tigers street gang and the associated gang, Club Tiger. At trial, the Government introduced evidence that the gang imported marijuana from California and sold

1

the drugs throughout the Northern Virginia area. In support of the narcotics trafficking, the Reccless Tigers engaged in an escalating series of violent acts including assaults, fire bombings, and shootings. The gang's pattern of violence continued over a period of years and eventually led to the murder of twenty-one-year-old Brandon White in January of 2019. Brandon White was killed in retaliation for his testimony in a Virginia circuit court proceeding against another member of the Reccless Tigers. The jury in the case found that Peter Le was guilty of the kidnapping and murder of Brandon White. At the time of the murder, Peter Le was twenty-one years old.

Peter Le argues that due to his age, a mandatory life sentence is unconstitutional under the Eighth Amendment. The Eighth Amendment of the United States Constitution provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. Peter Le argues that his mandatory life sentences are constitutionally prohibited in light of a series of Supreme Court opinions that apply the Eighth Amendment's prohibition on cruel and unusual punishment to the imposition of life sentences for juvenile offenders. This line of jurisprudence includes *Roper v. Simmons*, which prohibited capital punishment for juvenile offenders under the age of eighteen. 543 U.S. 551, 589-579. The Supreme Court expanded the holding in *Roper* to forbid the imposition of life sentences without parole for nonhomicide offenders. *Graham v. Florida*, 560 U.S. 48, 74 (2010) ("the limited culpability of juvenile nonhomicide offenders; and the severity of life without parole sentences all lead to the conclusion that the sentencing practice under consideration is cruel and unusual.") The Supreme Court subsequently held that the Eighth Amendment also prohibits mandatory life sentences without parole for juvenile offenders convicted of homicide. *Miller v. Alabama*, 567 U.S. 460, 489 (2012) ("…the mandatory sentencing schemes before us

violated the principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.")

Peter Le argues that this line of Eighth Amendment cases follows a logical trajectory that requires the consideration of a defendant's relative youth at the time of the offense (in this case 21 years of age) when a district court considers sentencing. Dkt. 916 at 3. Currently, the Eighth Amendment considerations of an offender's adolescence only apply to those under the age of 18. The Supreme Court has acknowledged that defining a juvenile as someone under the age of 18 is somewhat arbitrary. *Roper*, 543 U.S. at 574 ("Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules.") However, the Supreme Court has outlined their reasoning for adopting this categorical rule and have not indicated that the rule should be expanded. *See Id.* ("The age of 18 is the point where society draws the line for many purposes between childhood and adulthood.") Due to this rule, the Eighth Amendment considerations regarding a juvenile offender do not apply to Peter Le because he was above the age of 18 when he committed murder. *See United States v. Cobler*, 748 F.3d 570, 581 (4th Cir. 2014) ("Moreover, we decline to substitute a subjective judgment about the relative immaturity of a particular defendant for the objective age of minority that the Supreme Court has used as the benchmark for its categorical analysis of young offenders.") (*ref.*, *Roper*, 543 U.S. at 574; *United States v. Reingold*, 731 F.3d 204, 215 (2d Cir. 2013) ("immaturity, unlike age, is a subjective criterion, ill-suited to the pronouncement of categorical rules."))

In the current case, Peter Le's arguments prior to sentencing have not persuaded the Court that such a categorical rule can be—or should be—expanded in the current case. The touchstone of the Supreme Court's Eighth Amendment analysis has revolved around the proportionality of a punishment to the crime committed. *See Montgomery v. Louisiana*, 577 U.S.

190, 206 (citing *Miller*, 567 U.S. at 470 n. 4)). Peter Le's current sentence is proportional to the litany of criminal behavior that lead to his current conviction. The tragic and senseless murder committed by Peter Le warrants a life sentence. The scale of Peter Le's narcotics trafficking conspiracy was massive and spanned from coast to coast. The violence of the Reccless Tigers gang was ceaseless and had an immeasurable effect on numerous members of the community. Peter Le's criminal conduct was prolific. Congress has expressly proscribed the statutory sentences for prolific offenders like Peter Le and the Court does not find the present circumstances, or any applicable legal precedent, warrant a deviation from such a proscription. Absent a future change in the law from Congress or a Higher Court, the Court remains bound by the current sentencing laws. This Court finds that the Peter Le's sentence is proportional to the crimes he was convicted of and the sentence he received is not inherently in violation of the Eighth Amendment.

September 13, 2022  
Alexandria, Virginia

Liam O'Grady  
United States District Judge